*December,* 1821.       Lloyd and others *against* The State.

JUDGE *Lipscomb* delivered the opinion of the Court.

1. To sustain a sci. fa. on forfeited recognizance, the recognizance must appear to have been taken and returned as directed by the Statute.

The first assignment of Errors is that the instrument, on which the scire facias was sued out, is not a recognizance. It appears from the Record that *Lloyd* and others were indicted for an affray. Three of them were convicted, and received the judgment of the law. There next appears something in the shape of a Bond of *Lloyd* and his securities, conditioned for his appearance at the next term of the Circuit Court to answer, &c. &c. This Bond does not appear to have been taken in a Court of Record, or before a Justice of the peace or of the quorum, and certified to the next Circuit Court, as required by the Statute (Miss. Digest, 323.) A recognizance is an obligation of Record entered into before some Court of Record or magistrate, duly authorised, with a condition to do a particular act. (Tidd's P. 984.) The instrument or Bond in question, does not appear to have been taken in a Court of Record, or by a magistrate, or received with a single ingredient necessary to make it a recognizance within the meaning of the law. For aught that appears, it may have been gratuitously filed. Our conclusion on the first assignment, would dispose of the case ; but we have deemed it advisable, in order to settle a question of practice, to dispose also of the second assignment, which presents this question : In proceedings criminaliter, have we any law authorizing a scire facias ?

2. A sci. fa. the proper process for recovering the penalty on a forfeited recognizance.

A sci. fa. has been defined, a judicial writ, founded on some matter of record, as a judgment or recognizance, for the purpose of obtaining Execution. (Bac. Ab. title, scire facias.) It is said to be an original Writ when founded on a recognizance ; and at common Law it could always issue on a recognizance. (6 Bac. Ab. 103, &c.) The recognizance is a contract between the cognizor, on the one part, and the State, by its officers, on the other. If the cognizor breaks the contract, by failing to perform the condition, he forfeits

the penalty. The remedy is not by criminal process, but for the specific penalty, for breach of the contract. If the sci. fa. would not lie, on a recognizance in a State case, the judgment in the first instance would be final and not *nisi,* and Execution would issue thereon. The sci. fa. though void, would be but surplusage, not affecting the judgment. The law requires recognizances to be certified to the Circuit Courts, and that these Courts shall " award process for levying, as " well of such fines, forfeitures and amercements as shall " be estreated, &c. as of the fines, forfeitures and amerce- " ments which shall be taxed and set there, and not paid." (Turner's Digest, Laws Ala. 154, s. 1.) The Statutes have not prescribed any particular form of process. It is perfectly competent for the Circuit Courts to award the writ of sci. fa. or any other form of process, which would give notice to the defendant to appear and shew why there should not be final judgment against him. It is the opinion of the Court that the second assignment cannot be sustained, but that the judgment must be reversed on the first.